LIZZIE DALLAS, Respondent, v. ED HANSFORD, Appellant.

Kansas City Court of Appeals, June 8, 1908.

REPLEVIN: Judgment: Criticisms.  A judgment in replevin giving plaintiff ten days to turn the property over to defendant, a constable, and upon his failure, then defendant to have judgment for the value thereof, is held not subject to the criticisms of the appellant.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

H. L. *Shannon* for appellant.

(1)    The court correctly held that plaintiff was not entitled to recover.    McMillan v. Waker, 57 Mo. App. 220; Becraft v. Lewis, 41 Mo. App. 546.    (2) Notwithstanding the fact that plaintiff's action failed partially because the character of her interest, if any, in the property in controversy would not support replevin, still it was necessary for the court to determine the extent of the interest of appellant, if any, in said property; and the court did so.    Having found that appellant's interest was worth $152.72, it was the duty of the court to give him a judgment against plaintiff and her sureties, "That she return the property taken, or pay the value so assessed, at the election of the defendant."    R. S. 1899, sec. 4473a, 4474; Gilham v. Kerone, 45 Mo. 487; Gregory v. Tavenner, 38 Mo. App. 627.    (3)    On the facts of this case this court should either enter up a proper judgment or direct the trial court to do so. Gilham v. Kerone, 45 Mo. 487.

H. J. *Harrison,* for respondent, filed no briefs.

ELLISON, J.—This is an action of replevin for a horse.    One of the defendants is an execution debtor and the other is a constable with an execution for $152.72 which he had levied on the horse.    The plaintiff gave bond and received possession of the property. She failed in her action, the right to maintain it being in the administrator, and judgment was given for the defendant constable for his interest in the property of $152.72, but there was appended to it a clause "to be levied only of the specific personal property hereinbefore described."    It seems that on plaintiff's motion the judgment was modified and that clause omitted. But as modified it gave the constable judgment for the

Dallas v. Hansford.

recovery of the property "and if plaintiff fails or refuses to deliver said property to said defendant for the period of ten days from December 14, 1907, the defendant constable have the right to take immediate possession thereof, or at his election he, the said Ed Hansford, constable, have and recover of the plaintiff and B. Crawford and S. D. Chandler, her said sureties on the replevin bond herein, the sum of $152.72, the amount of said defendant's interest in said property," etc.

We can see no substantial difference between the judgment rendered and the one defendant claims should have been rendered, and think it affords slight ground of criticism under the facts disclosed. The ten days time given for a return of the property may not have been justified. But we cannot discover, and nothing has been pointed out, where any substantial harm has been done. The fears expressed by defendant of another action by the administrator cannot be noticed by us. Under the facts of the case so far as they have been disclosed by the record, we see nothing to justify the appeal.

It seems the case has been preserved by bill of exceptions and brought here in that way, yet there does not appear to be a motion for new trial. In view of what we have written, we need not say whether one was necessary. The judgment is affirmed. All concur.